FILED
2013 APR 29 AM 11: 46

LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
Zev B. Zysman (176805)
zev@zysmanlawca.com
15760 Ventura Blvd., Ste. 1915
Encino, CA 91436
Tel.: 818-783-8836
Fax: 818-783-9985

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVEN ADES and HART WOOLERY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI HOTELS MANAGEMENT CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-02468 CAS MAN<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Steven Ades and Hart Woolery ("Plaintiffs"), bring this action against Defendants Omni Hotels Management Corporation and DOES 1-100 (collectively "Omni" or "Defendant") on behalf of themselves, and all others similarly situated, upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1. This class action arises out of Defendant's unlawful recording and/or monitoring of Plaintiffs' and the Class Members' telephone conversations without first providing notice and without first obtaining caller consent to record and/or monitor the telephone conversations in violation of California's Invasion of Privacy Act, California Penal Code § 630, *et seq.* As alleged herein, Defendant has a policy and practice of intentionally and surreptitiously recording and/or monitoring telephone conversations, without prior knowledge or consent of consumers, including Plaintiffs.

2. Specifically, Defendant's acts and practices violate Penal Code § 632, which prohibits the recording and/or monitoring of confidential communications made by telephone without the knowledge or consent of all parties to the communication, and Penal Code § 632.7, which prohibits the recording of any communication made from a cellular or cordless telephone without the knowledge or consent of all parties to the communication. Penal Code §§ 632 and 632.7 are violated the moment the recording is made without the knowledge or consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law, or to invade the privacy rights of any other person.

3. Both Penal Code §§ 632 and 632.7 play important roles in protecting the privacy of California residents. As recognized by the California Supreme Court,

AMENDED CLASS ACTION COMPLAINT                                    2:13-02468 CAS MAN

secret monitoring and recording "denies the speaker an important aspect of privacy of communication – the right to control the nature and extent of the firsthand dissemination of his statements." *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985) (citations omitted). People are apt to moderate what they say and how they say it when they know their conversations are being recorded. Furthermore, businesses can take unfair advantage of consumers if they do not disclose that the calls are being recorded, by "selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' (or quickly destroying them) when they would be detrimental to the company." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 126 (2006).

4. Plaintiffs do not seek any relief greater than or different from the relief sought for the Class of which Plaintiffs are members. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiffs in relation to their stake in this matter.

## JURISDICTION AND VENUE

5. Defendant has removed this lawsuit to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs allege that the Court has subject matter jurisdiction under CAFA since this is a class action brought on behalf of a class of at least 100 members; the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs; and Plaintiffs and the members of the class are citizens of California while the Defendant is a citizen of Delaware and Texas.

6. This Court has personal jurisdiction over the Defendant named herein because Defendant does sufficient business in California, has sufficient minimum contacts with California or otherwise intentionally avails itself of the markets within California through its sales, advertising and marketing to render the exercise of

jurisdiction by California courts and the application of California law to the claims of the Plaintiffs permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### A. Plaintiffs

8. Plaintiff Steven Ades ("Ades") is a resident of Los Angeles County, California. It is alleged that on or around January 9, 2013, Ades had a telephonic communication with certain employees, agents and/or representatives of Defendant. Plaintiff is informed and believes and thereon alleges, that the conversation was secretly recorded and/or monitored by Defendant, without first providing him notice and without first obtaining his consent to record and/or monitor the telephone conversation. During the course of the conversation with Defendant, Plaintiff disclosed sensitive personal identifying information and confidential financial information.

9. Plaintiff Hart Woolery ("Woolery") is a resident of San Diego County, California. On February 12, 2013, Woolery had a telephone communication with certain employees, agents, and/or representatives of Defendant. Plaintiff is informed and believes and thereon alleges that the conversation was secretly recorded and/or monitored by Defendant, without first providing him notice and without first obtaining his consent to record and/or monitor the telephone conversation. During the course of the conversation with Defendant, Woolery disclosed sensitive personal identifying information and confidential financial information.

/ / /

/ / /

B. <u>Defendant</u>

10. Defendant Omni Hotels Management Corporation is a Delaware corporation which is licensed to do, and is doing, business throughout the United States, with its principal place of business located at 420 Decker Drive, Suite 200, Irving, Texas. Omni systematically and continuously does business in California and with California residents. Omni currently owns and operates fifty upscale, full service hotels and resorts in the United States, Canada, and Mexico.

11. Plaintiffs are informed and believe, and based thereon allege, that Defendant owns and operates call center(s) located in the United States. Plaintiffs are informed and believe, and based thereon allege, that Defendant's employees, agents, and representatives at these call center(s) are directed, trained and instructed to, and do, record and/or monitor incoming calls from prospective customers, including residents of California.

C. <u>Doe Defendants</u>

12. The true names and capacities of Defendants sued in this Complaint as Does 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 100 when such identities become known.

D. <u>Agency/Aiding And Abetting</u>

13. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

///

14. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

15. All allegations in this First Amended Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this Complaint are contrary or inconsistent, such allegations shall be deemed alternative.

**CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW**

A.  <u>Plaintiffs' Contacts with Defendant</u>

16. On or around January 9, 2013, Plaintiff Ades called Defendant from his home in Los Angeles County, California and while using his cordless telephone. Ades called Defendant's toll-free telephone number at 1-888-444-OMNI (1-888-444-6664) to obtain information about hotel accommodations and to make a hotel reservation. Plaintiffs are informed and believe, and based thereon allege, that the telephone number connected Ades to a call center which is owned and operated by Defendant. During this inbound telephone call with employees, agents, or representatives of Defendant, Ades revealed sensitive, private, and confidential financial information, including but not limited to his first and last name, full residential address, home telephone number, email address, credit card number and expiration date. At no point during the inbound call was Ades ever informed that his call was being recorded and/or monitored. At no point during the inbound call did Ades give his consent for the telephone call to be recorded and/or monitored

because he was entirely unaware that Defendant was engaged in that practice during the telephone call. Indeed, this inbound conversation was, without Ades' knowledge or consent, recorded and/or monitored by Defendant.

17. On February 12, 2013, Plaintiff Woolery called Defendant from his cell phone while he was physically present in San Diego County, California. Woolery called Defendant's toll-free telephone number at 1-888-444-OMNI (1-888-444-6664) to make a hotel reservation. Plaintiffs are informed and believe, and based thereon allege, that the telephone number connected Woolery to a call center which is owned and operated by Defendant. During this inbound telephone call with employees, agents, or representatives of Defendant, Woolery revealed sensitive, private, and confidential financial information, including but not limited to his credit card number and expiration date. At no point during the inbound call was Woolery ever informed that his call was being recorded and/or monitored. At no point during the inbound call did Woolery give his consent for the telephone call to be recorded and/or monitored because he was entirely unaware that Defendant was engaged in that practice during the telephone call. Indeed, this inbound conversation was, without Woolery's knowledge or consent, recorded and/or monitored by Defendant.

B. <u>Defendant's Conduct Violated Penal Code § 630 et seq.</u>

18. Plaintiffs are informed and believe and thereon allege that Defendant recorded and/or monitored said inbound telephone conversations. Defendant failed to verbally warn Plaintiffs, at the outset of their telephone conversations, of Defendant's intent to record and/or monitor the conversations. Defendant failed to provide an automated, pre-recorded warning or a periodically repeated, audible "beep tone" or other sound throughout the duration of the call to warn Plaintiffs that their conversations were being recorded and/or monitored. Because Defendant failed to warn Plaintiffs at the outset of their telephone conversations that the calls were being recorded and/or monitored, Plaintiffs were deprived of the ability to either decline to participate in a recorded and/or monitored call, refuse to provide

confidential information for which they had an objectively reasonable expectation of privacy, or modify the tone or speech to account for the fact that the conversation was being recorded and/or monitored. Plaintiffs did not give, and could not have given, consent for the telephone calls to be recorded and/or monitored because they were entirely unaware that Defendant was engaged in that practice during the telephone calls.

19. Plaintiffs are further informed and believe and thereon allege, that during the Class Period, Defendant has intentionally utilized certain computer hardware and software technology ("Call Recording and/or Monitoring Technology") to execute a company-wide policy and practice of recording and/or monitoring inbound telephone conversations from consumers, including California consumers.

20. Plaintiffs are further informed and believe and thereon allege, that Defendant installed and/or utilized Call Recording and/or Monitoring Technology on its consumer-facing telephone lines. This Call Recording and/or Monitoring Technology enabled Defendant to record and/or monitor telephone conversations with consumers, and allowed them to store and listen to these recordings for various purposes.

21. Plaintiffs are further informed and believe and thereon allege, that Defendant's employees, agents, and representatives were directed, trained, and instructed to, and did record and/or monitor inbound conversations from California callers, including Plaintiffs, without their knowledge or consent.

### PLAINTIFFS' CLASS ACTION ALLEGATIONS

22. This lawsuit is brought as a class action under Fed. R. Civ. P. 23. The proposed class ("Class") is defined as follows:

All California residents who, at any time during the applicable statute of limitations, and while physically present in California, participated in one or more inbound telephone conversations with employees, agents, or representatives of

Defendant and whose calls were recorded and/or monitored by Defendant and did not receive a warning at the outset of the call that the telephone conversation was recorded and/or monitored.

23. Excluded from the Class are Defendant; its corporate parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; any of their officers, directors, employees, or agents; the legal representatives, successors or assigns of any such excluded persons or entities; and the judicial officers to whom this matter is assigned as well as their court staff.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that the Class consists of well over 1,000 members. Moreover, Plaintiffs allege that the precise number of Class members, their identities, and their locations can be ascertained though appropriate discovery and records of Defendant and third parties. This information may then be used to contact potential Class members.

25. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual members of the Class.

26. Among the questions of law and fact common to the Class are, *inter alia*:

    a. Whether Defendant has a policy and practice of recording and/or monitoring inbound telephone conversations with consumers;

    b. Whether Defendant installed Call Recording and/or Monitoring Technology to implement its policy of recording and/or monitoring inbound telephone conversations with consumers;

    c. Whether Defendant's employees, agents, or representatives were directed, trained, and instructed to, and did, record and/or monitor inbound telephone conversations with consumers in order to implement the Defendant's

policy and practice of recording and/or monitoring telephone conversations with consumers;

      d.    Whether Defendant's policy and practice of recording and/or monitoring inbound telephone conversations with consumers included a policy and practice of warning Class members, including Plaintiffs, at the outset of each recorded and/or monitored telephone conversation that the telephone conversation was recorded and/or monitored;

      e.    Whether Defendant failed to warn Class members who participated in an inbound telephone conversation with the Defendant that the telephone conversation was recorded and/or monitored;

      f.    Whether Defendant's recording and/or monitoring of Plaintiffs' and Class members' inbound telephone conversations without warning constitutes violations of California Penal Code § 632;

      g.    Whether Defendant's recording and/or monitoring of Plaintiffs' and Class members' inbound telephone conversations without warning constitutes violations of California Penal Code § 632.7;

      h.    Whether Class members are entitled to statutory damages of five thousand dollars ($5,000) under California Penal Code § 637.2 for every violation of California Penal Code §§ 632 and/or 632.7; and

      i.    Whether Class members are entitled to injunctive relief under California Penal Code § 637.2(b) to enjoin or restrain the Defendant from committing further violations of California Penal Code §§ 632 and/or 632.7.

      27.    Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, were exposed to virtually identical conduct. Plaintiffs allege that Defendant systematically and intentionally recorded and/or monitored inbound telephone conversations without warning all parties to these confidential communications that the conversations were recorded and/or monitored, in violation of the privacy rights of Plaintiffs and the Class. The

harm that Plaintiffs suffered and all other Class members suffered arose from, and was caused by, the same conduct by Defendant. Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making injunctive relief and statutory damages pursuant to California Penal Code § 637.2 appropriate with respect to the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, capable of repetition, and will continue unless restrained and enjoined by the Court.

28. Plaintiffs can fairly and adequately represent the interests of the Class. They have no conflicts of interest with other Class members, are subject to no unique defenses, and have retained counsel competent and experienced in the prosecution of class actions.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. It is unlikely that Class members will pursue individual litigation because, unless notice is sent to each Class member whose telephone call was recorded and/or monitored, Class members will have no way to know that their privacy rights under the Privacy Act were violated. The very nature of Defendant's surreptitious recording and/or monitoring precludes knowledge of these privacy concerns. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

30. Plaintiffs explicitly reserve the right to add additional class representatives, provided that Defendant is given an opportunity to conduct discovery on the chosen representative(s). Plaintiffs will identify and propose class representatives with the filing of Plaintiffs' motion for class certification.

## FIRST CAUSE OF ACTION

FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632
(By Plaintiffs and the Class Against Defendant)

31. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

32. California Penal Code § 632 prohibits the intentional recording and/or monitoring of a confidential communication without the consent of all parties to the communication. Defendant has violated Penal Code § 632 in its telephone communications with Plaintiffs and the Class. Defendant, as a standard business practice, has intentionally recorded and/or monitored confidential communications with Plaintiffs and other Class members alike without obtaining their consent.

33. These telephone conversations have all been "confidential communications" within the meaning of Penal Code § 632 (c) in that Plaintiffs and the Class desired and expected the telephone communications to be confined to the parties thereto and not overheard or recorded. Indeed, Plaintiffs and the Class had an objectively reasonable expectation that their conversations were not being recorded and/or monitored. The existence of an objectively reasonable expectation of privacy is supported by the fact that: (1) Defendant is required by law to inform persons it receives calls from, at the outset of the conversation, of its intent to record and/or monitor the calls; (2) businesses that record and/or monitor telephone calls customarily do so inform the persons they call or receive calls from, at the outset of the conversation; and (3) Defendant did not inform Plaintiffs and Class members who were located in California, at the outset of the conversations, that their telephone calls were being recorded and/or monitored, nor did Defendant seek to obtain their consent to record and/or monitor. Moreover, the objectively reasonable expectation that these conversations were, and would remain, private is further supported by the fact that the telephone calls pertained to personal and confidential information. As the California Supreme Court has stated, "in light of the

circumstances that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney*, Inc., 39 Cal. 4th 95, 118 (2006).

34. Plaintiffs are informed and believe and thereon allege, that Defendant installed and/or caused to be installed Call Recording and/or Monitoring Technology on the telephone lines of its employees, agents, or representatives who received consumer-facing telephone calls.

35. Plaintiffs are informed and believe and thereon allege, that Defendant maintained and utilized this Call Recording and/or Monitoring Technology with the intent to record and/or monitor telephone conversations with consumers, and carry out Defendant's policy of recording and/or monitoring telephone conversations with consumers.

36. Plaintiffs are informed and believe and thereon allege, that Defendant directed, trained, and instructed its employees, agents, or representatives to record and/or monitor inbound conversations with consumers in order to carry out this policy and practice.

37. Plaintiffs are informed and believe and thereon allege, that Defendant's policy and practice of intentionally recording and/or monitoring telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiffs, who participated in telephone calls with Defendant, at the outset of each call that the telephone conversation was being recorded and/or monitored by Defendant.

38. Plaintiffs are informed and believe and thereon allege, that Defendant failed to warn the Class members, including Plaintiffs, at the outset of each and

1 every telephone conversation received by Defendant that their conversations were
2 being recorded and/or monitored.

3   39. Defendant violated California Penal Code § 632 by recording and/or
4 monitoring telephone conversations with Class members, including Plaintiffs,
5 without the consent of all parties to these conversations.

6   40. Due to these violations as set forth herein, Plaintiffs and Class members
7 are entitled to an award of five thousand dollars ($5,000) per violation pursuant to
8 California Penal Code § 637.2, even in the absence of proof of actual damages, an
9 amount deemed proper by the California Legislature. Plaintiffs and the Class are
10 also entitled to injunctive relief to enjoin further violations.

11   41. Plaintiffs and Class members are entitled to recover reasonable
12 attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the
13 substantial benefit doctrine and/or the common fund doctrine.

**SECOND CAUSE OF ACTION**

FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7
(By Plaintiffs and the Class Against Defendant)

17   42. Plaintiffs re-allege and incorporate by reference the allegations
18 contained in the preceding paragraphs as though fully set forth herein.

19   43. California Penal Code § 632.7 prohibits the intentional recording of any
20 communication without the consent of all parties where one of the parties to the
21 communication is using a cellular or cordless telephone. Defendant has violated
22 Penal Code § 632.7 in its telephone conversations with Plaintiffs and the Class.
23 Defendant, as a standard business practice, has intentionally recorded
24 communications with Plaintiffs and the Class members, while using cellular or
25 cordless telephones, without obtaining their consent. Defendant did not provide any
26 warning to Plaintiffs and the Class members, at the outset of these conversations, of
27 Defendant's intent to record the conversations.
28 ///

1  44. Defendant intentionally recorded the cellular and/or cordless telephone conversations of Plaintiffs and the Class in violation of Penal Code § 632.7.

45. Due to these violations as set forth herein, Plaintiffs and Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiffs and the Class are also entitled to injunctive relief to enjoin further violations.

46. Plaintiffs and the Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, pray for judgment against Defendant as follows:

1. For an order certifying this matter as a class action;

2. For an order awarding Plaintiffs and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2;

3. For appropriate injunctive relief under California Penal Code § 637.2(b);

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5. For costs of the suit incurred herein;

6. For prejudgment interest at the legal rate; and

7. For such other and further relief as the Court may deem proper.

AMENDED CLASS ACTION COMPLAINT                    2:13-02468 CAS MAN

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for Plaintiffs and the Class as to all issues so triable.

Dated: April 26, 2013

LAW OFFICES OF ZEV B. ZYSMAN, APC
DOSTART CLAPP & COVENEY, LLP


s/ James F. Clapp
JAMES F. CLAPP
Attorneys for Plaintiffs

553425.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 4370 La Jolla Village Drive, Suite 970, San Diego, CA 92122-1253.

On April 26, 2013, I served true copies of the following document(s) described as **FIRST AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Zev B. Zysman
zev@zysmanlawca.com
LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
15760 Ventura Blvd., Ste. 1915
Encino, CA 91436
*Attorneys for Plaintiff*

Angela C Agrusa
aagrusa@linerlaw.com
David Brian Farkas
dfarkas@linerlaw.com
LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR
1100 Glendon Avenue 14th Floor
Los Angeles, CA 90024
*Attorneys for Defendant*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Dostart Clapp & Coveney, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tzaayer@sdlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2013, at San Diego, California.

Teri L. Zaayer