UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Zachariah Dostart | Angela Agrusa |
| James Hannink | David Farkas |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS CASE (Docket #12, filed May 10, 2013)

## I.     INTRODUCTION AND BACKGROUND

Plaintiffs Steven Ades ("Ades") and Hart Woolery ("Woolery") filed the instant putative class action on March 15, 2013 in Los Angeles County Superior Court. Defendant in this action is Omni Hotels Management Corporation ("Omni Hotels"). Omni Hotels removed the case to this Court on April 8, 2013.

On April 29, 2013, plaintiffs filed a First Amended Complaint ("FAC"). The FAC asserts two claims for relief pursuant to the California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 et seq. In brief, these claims assert that plaintiffs called Omni Hotels' toll-free phone number, provided Omni Hotels representatives with confidential personal information, and Omni Hotels recorded the phone calls without obtaining plaintiffs' consent or informing plaintiffs that the calls were being monitored. FAC ¶¶ 16 – 17. The confidential information allegedly provided to Omni Hotels' representatives included plaintiffs' names, addresses, phone numbers, e-mail addresses, credit card numbers, and credit card expiration dates. Id. Plaintiffs allege that Omni Hotels has a company-wide policy of recording inbound telephone conversations with consumers without seeking permission or informing consumers about the monitoring. Id. ¶¶ 18 – 19.

On May 10, 2013, Omni Hotels filed a motion to dismiss the FAC and strike the class allegations. Plaintiffs filed an opposition on June 3, 2013, and Omni Hotels replied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

on June 10, 2013.  The Court held a hearing on June 24, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.      Motion to Strike**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f).  Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material.  The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law.  Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).  The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.   ANALYSIS

Plaintiffs' CIPA claims assert that Omni Hotels has violated sections 632 and 632.7 of the California Penal Code.  These sections prohibit any "person" from intentionally recording telephone conversations without the consent of all participants in the conversation.  Cal. Pen. Code §§ 632(a), 632.7(a).  Section 632 only applies if the recorded conversation is a "confidential communication," but the text of Section 632.7 contains no such limitation.  A plaintiff who demonstrates a violation of either provision may recover either three times the amount of her actual damages suffered or statutory damages in the amount of five thousand dollars.  Cal. Pen. Code § 637.2

Omni Hotels argues that plaintiffs' claims fail because CIPA does not apply to service monitoring, which is the routine monitoring of consumer phone calls for training or quality assurance purposes.  Omni Hotels argues that CIPA's legislative history demonstrates that the California State Legislature believed that CIPA would not apply to service monitoring by businesses.  Additionally, Omni Hotels argues that routine conversations between consumers and businesses do not involve the sort of private information that comes within CIPA's scope.  The Court considers these arguments in turn.

### A.      CIPA's Legislative History and Service Monitoring

When construing a state statute, federal courts apply state law of statutory construction.  <u>Bass v. County of Butte</u>, 458 F.3d 978, 981 (9th Cir. 2006).  Under California law, a court's "fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose."  <u>People v. Murphy</u>, 25 Cal. 4th 136, 142 (2001).  This task begins with the plain meaning of the statutory text considered in the context of "the entire substance of the statute in order to determine the scope and purpose of the provision."  <u>Id.</u>  Legislative history should only be considered where the statutory text is ambiguous.  <u>Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.</u>, 133 Cal. App. 4th 26, 29 (2005) ("Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law.  In determining intent, we

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

look first to the words of the statute, giving the language its usual, ordinary meaning.  If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs.").  Additionally, where consideration of legislative history is appropriate, "legislative history must shed light on the collegial view of the Legislature *as a whole*."  Id. at 30 (emphasis in original).

CIPA was passed by the California Legislature in 1967.  In explaining its purpose in enacting CIPA, the Legislature announced its concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications."  Cal. Pen. Code § 630.  Assemblyman Unruh voiced similar concerns when he first introduced the bill that was eventually to become CIPA, stating that new technology allowed "the unscrupulous operator" to engage in "industrial espionage" and other forms of eavesdropping.  A.B. 860, 1967 Sess. California Legislature (Statement for the Floor, June 19, 1967); Def. RJN Ex. 1 at 1.  To protect people and businesses from these dangers, CIPA made it unlawful to record or monitor a conversation carried out over the telephone unless all parties consented, and created new penalties for unlawful eavesdropping, including statutory damages recoverable in a civil action.  Id; see also Cal. Pen. Code §§ 632(a), 637.2.

Prior to its passage, critics of CIPA raised the issue of whether its ban on eavesdropping would apply to service monitoring, and concluded that the statute, on its face, made service monitoring unlawful.  See, e.g., Goes Too Far, S.F. Exam., June 29, 1967; Def. RJN Ex. 5; Letter from the Carte Blanche Corp. to then-Governor Ronald Reagan (June 21, 1967); Def. RJN Ex. 4.  In response to these critics, Assemblyman Unruh argued that CIPA, as written, did not in fact outlaw service monitoring.  Letter from then-Speaker of the Assembly Jesse Unruh to then-Governor Ronald Reagan (July 31, 1967); Def. RJN Ex. 6.  According to Unruh, service monitoring was effectively exempt from CIPA because the statute did not apply to recordings of phone calls accomplished through specially licensed equipment available from the California Public Utilities Commission.  Letter from then-Speaker of the Assembly Jesse Unruh to Charles L. Gould (June 30, 1967); Def. RJN Ex. 7.  Businesses in possession of this equipment were therefore free to engage in service monitoring, subject to rules promulgated by the Public Utilities Commission.  Legislative documents tend to show that Unruh's position was shared by the Legislature.  See A.B. 860, 1967 Sess. Cal. Leg. (Digest of Senate Amendments to the Bill) ("[T]he wiretapping and eavesdropping penalties [are]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

inapplicable to telephone services regulated and licensed by the [Public Utilities Commission]. This will insure that justifiable and regulated use of devices for overhearing employees' business conversations may continue unimpeded."); Def. RJN Ex. 9; A.B. 860, 1967 Sess. Cal. Leg. (Digest of A.B. 860, April 25, 1967); Def. RJN Ex. 8 at 3 (similar).

The legislative provision that purportedly permits businesses to engage in service monitoring appears in California Penal Code Section 632(e)(2), which states that CIPA does not apply "to the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility." See also Cal. Pen. Code § 632.7(b)(2) (same). Omni Hotels refers to this provision as the "Public Utility Exemption." Additionally, as Omni Hotels points out, the California Public Utilities Commission ("the PUC") has issued orders regarding service monitoring. See Re Monitoring of Telephone Conversations, 11 CPUC 2d 692 (1983).

Relying on the legislative history discussed above, Omni Hotels argues that CIPA was never meant to apply to service monitoring, and that the California Legislature used the Public Utility Exemption to accomplish this goal. According to Omni Hotels, the Public Utility Exemption grants the PUC "exclusive jurisdiction" over the regulation of service monitoring by businesses. Mot. at 6. Omni Hotels concludes that plaintiffs cannot seek the remedies outlined in CIPA for alleged improper service monitoring, but instead must take their grievance to the PUC and seek any remedies available under the applicable regulations.

In light of the California principles of statutory construction, the Court must reject Omni Hotels' argument. While the legislative history may contain some evidence that CIPA was not meant to apply to service monitoring, the language of the statute contains no language that could be reasonably construed to exempt all claims arising out of service monitoring from CIPA's scope. Instead, through the Public Utility Exemption, the text of the statute creates an affirmative defense for service monitoring – and indeed any conduct – when it is executed through particular kinds of equipment, namely, "equipment . . . furnished and used pursuant to the tariffs of a public utility." Cal. Pen. Code § 632(e)(2); Cal. Pen. Code § 632.7(b)(2). Only by completely disregarding the statutory text could the Court interpret the Public Utility Exemption to remove service monitoring from CIPA's scope and grant "exclusive jurisdiction" over this activity to the PUC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|----------|----------------------|------|---------------|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

Since the applicability of the Public Utility Exemption is focused on what equipment Omni Hotels used to engage in service monitoring, determining whether or not Omni Hotels can raise this affirmative defense requires the resolution of several issues of fact regarding, *inter alia*, how the equipment was "furnished" and "used."[1]  At present, however, the record is devoid of any evidence or allegations regarding Omni Hotels' equipment.  Consequently, the applicability and scope of the Public Utility Exemption cannot be resolved at the pleading stage, and is more properly the subject of a motion for summary judgment.

Accordingly, the Court finds that CIPA does not contain any broad exception pursuant to which it does not apply to routine service monitoring.  The Court therefore declines to grant Omni Hotels' motion to dismiss on that basis.

## B.    Expectation of Privacy

Alternatively, Omni Hotels argues that even if CIPA can be construed to reach service monitoring, plaintiffs' claims should nonetheless be dismissed because plaintiffs had no reasonable expectation of privacy in the content of the phone conversations that form the basis of the FAC.

In order to state a claim for violation of section 632, a plaintiff must allege that the defendant recorded or eavsdropped upon a "confidential communication."  Cal. Pen. Code § 632(a).  The term "confidential communication" is defined by the statute to include "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto."  Id. § 632(c).  Additionally, the California Supreme Court has explained that a conversation is a confidential communication "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." Flanagan v. Flanagan, 27 Cal. 4th 766, 777 (2002).

---

[1] Omni Hotels' makes several arguments regarding how these terms should be construed in light of regulatory and technological changes in the telecommunications industry that have taken place since CIPA's passage.  These arguments can be better addressed once the Court has been presented with a factual record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

Omni Hotels argues that in light of the legislative history discussed above, the Court should effectuate the legislative purpose of CIPA and find that, as a matter of law, consumers have no reasonable expectation of privacy in the routine conversations with businesses that are frequently subject to service monitoring.  The Court rejects this argument.  First, the argument has been squarely rejected by the Ninth Circuit.  Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1020 n.2 (9th Cir. 2013) ("[The defendant] argues that dismissal was properly granted because a consumer call to a home security company can never constitute a confidential communication within the meaning of California Penal Code § 632.  We disagree.  There is nothing inherently non-confidential about a billing dispute with a home security company.").  Second, this argument is undermined by plaintiffs' allegations that they in fact provided private information during their phone calls with Omni Hotels.  Here, plaintiffs provided Omni Hotels' representatives with their credit card information, and the Court is unable to conclude at the pleading stage that plaintiffs' had no objectively reasonable expectation that Omni Hotels would not allow these conversations to be overheard or recorded.  Flanagan, 27 Cal. 4th at 777.  Finally, the argument is not supported by the legislative history introduced by Omni Hotels, even if the Court were to fully credit Omni Hotels' interpretation of CIPA's legislative history.  Omni Hotels' position is that CIPA exempts service monitoring from its scope through the Public Utility Exemption, not because the California Legislature believed that consumers possessed no reasonable expectation of privacy in the sort of information communicated to businesses during routine phone calls.

The Court therefore rejects Omni Hotels' argument that plaintiffs' conversations were not, as a matter of law, "confidential communications" within the meaning of CIPA. Consequently, the Court declines to grant the motion to dismiss.

## C.    Motion to Strike Class Allegations

In the alternative, Omni Hotels asks the Court to strike the class allegations from the FAC.  Omni Hotels argues that striking the class allegations is appropriate because this case could never be certified as a class action pursuant to Federal Rule of Civil Procedure 23 due to the presence of individual issues of fact and law.  The Court declines to consider Omni Hotels' arguments that the proposed class does not satisfy the requirements of Rule 23, and finds that these arguments are more appropriately raised in opposition to a motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2468 CAS (MANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | STEVEN ADES, ET AL. V. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

**IV.    CONCLUSION**

In accordance with the foregoing, Omni Hotels' motion is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |