UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVEN ADES and HART WOOLERY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI HOTELS MANAGEMENT CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-02468 CAS (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order filed on August 16, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 2.5, 4.1(a), 4.1(b), and 4.2 of the [Proposed] Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential or other designation(s) used by the parties, does

not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their

entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

This Protective Order is entered**, pursuant to the stipulation of the parties,** solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any Party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any Party or the absence thereof. Without separate court order, this Protective Order and the Parties' stipulation does not change, amend, or circumvent any court rule or local rule governing this action.

### 2. DEFINITIONS

2.1 <u>Party</u>: Any party to this action, including its officers, directors, employees, consultants, and agents.

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information</u>: "Confidential" information as used herein

means any information that a party in good faith believes constitutes or reveals proprietary or commercially sensitive information, trade secrets, information subject to a legally protected right of privacy, personal identifying information, personal financial information, proprietary business information, or other information subject to protection under the law. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony, video or audio recording, or other information derived therefrom, as "Confidential" under the terms of this Protective Order only if, in the good faith belief of such Party and its counsel, the unrestricted disclosure of information could be prejudicial to the business, operations, or privacy interests of such Party or of non-parties. By designating a document, thing, material, testimony, video or audio recording, or other information derived therefrom as "Confidential," the Party making the designation is certifying that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.4  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential."

2.5  <u>Qualified Persons</u>:  Protected Material produced pursuant to this Protective Order may be disclosed or made available only to the Court **(including Court staff)**, to counsel for a Party (including attorney support staff), and to the following "qualified persons" designated below:

(a)  a Party or an officer, director, agent, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)  Experts or consultants (together with their clerical staff), as defined in section 2.10 below, retained by counsel to assist in the prosecution, defense, or settlement of this action;

(c)  Professional vendor(s), as defined in section 2.11 below, employed in this action;

    (d) a witness at any deposition or other proceeding in this action;

    (e) the author of the document or the original source of the information;

    (f) a Communications Carrier (as defined in section 2.6 below) and its subcontractors, employees, and agents, for the purpose of seeking preservation or production of non-content subscriber information; and

    (g) any other person as to whom the Parties may agree in writing.

  With the exception of a Party and Outside Counsel for a Party, and with the further exception of Communications Carriers, outside consultants, vendors, or service providers as to whom the only Confidential Information disclosed consists of telephone number information and telephone call detail information as described below in section 2.6, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Exhibit A, the original of which shall be maintained in the files of the Outside Counsel of the Party making the disclosure to such qualified person.

    2.6 <u>Communications Carrier</u>: A company that provided communications services for a telephone used by Plaintiffs, any potential class member, or Defendant. Disclosure of Confidential Information to Communication Carriers, as defined in this section, shall be limited to telephone number information of Plaintiffs, potential class members, and Defendant, and telephone call detail information (*e.g.*, date, time, and duration of calls) between Plaintiffs and potential class members on the one hand, and Defendant, on the other, during the relevant time period. No other information designated as "Confidential" under this Protective Order shall be shared with Communications Carriers absent prior written agreement of the Parties or a further order of the Court. All subscriber information produced by a Communications Carrier in response to a subpoena shall be designated as "Confidential" pursuant to this Protective Order.

    2.7 <u>Designating Party</u>: A Party or non-party that designates information or

5

items that it produces in disclosures or in responses to discovery as "Confidential".

2.8     Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their support staff.

2.9     House Counsel:  Attorneys who are employees of a Party, including their support staff.

2.10    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors:   Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, **or** retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12    Receiving Party:  A Party that receives information in disclosures or in responses to discovery that is designated as "Confidential".

3.      **SCOPE**

Material designated as "Confidential" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom shall be used only for the prosecution, defense, and settlement of this action.  However, the restrictions and obligations set forth within this Protective Order will not apply to any information that:  (a) the Parties agree, or the Court rules, should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation

of this Protective Order; or (d) has come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.

4. **DESIGNATING PROTECTED MATERIAL**

4.1 Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>For testimony taken at a deposition</u>, that a statement be made on the record that the information is "Confidential" under the terms of this Protective Order. If practicable, arrangements shall be made with the court reporting service to bind separately such portions of the **deposition** transcript containing information designated as "Confidential" and to label such portions appropriately. When it is impractical to identify separately each portion of **deposition** testimony that is entitled to protection, or when it appears that substantial portions of the **deposition** testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony, or a Party or non-party whose "Confidential" information is disclosed, may invoke on the record (before the deposition is concluded) a right to have up to 20 days after delivery of the **deposition** transcript to identify the specific portions of the **deposition** testimony as to which protection is asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days after delivery of the **deposition** transcript shall be covered by the provisions of this Protective Order.

(c) <u>For information produced in a form other than documentary form, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential". If only portions of the information or item

7

warrant protection, the Producing Party shall, to the extent practicable, designate only the portions entitled to such protection.

4.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable **and timely** efforts to assure that the material is thereafter treated in accordance with the provisions of this Protective Order.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

This Protective Order shall be without prejudice to the right of the Parties: (i) to bring before the Court, at any time, the question of whether any particular document or information is "Confidential" or whether its use should be restricted; or (ii) to present a motion to the Court under Federal Rule of Civil Procedure Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice the Parties in any way in the further application for modification of this Protective Order.

Notwithstanding the requirements of Local Rule 37, which applies to discovery disputes generally, if a dispute involves the issue of whether documents or other materials are appropriately designated as "Confidential," the following procedures shall apply:

(a) Counsel for the objecting party shall serve on the Designating Party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Designating Party or non-party shall respond in writing to such objection within seven (7) days of receipt of the objection, and shall state

8

with particularity the grounds for asserting that the document or information qualifies as "Confidential" under the provisions of this Protective Order. If the Designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within seven (7) days of receipt of the response to the objection.

(b) If a dispute as to a "Confidential" designation of a document or item of information cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court within thirty (30) days of the conference of counsel, or if no response to an objection is given, within thirty (30) days of the deadline for a response. If the Party challenging the designation fails to present the dispute to the Court as outlined herein, that Party waives any objection to the challenged designation. If the matter is brought to the Court's attention, the Designating Party or non-party shall bear the burden of proving that the material was properly designated.

The Court may modify the terms and conditions of this **Protective** Order for good cause, or in the interests of justice, or on its own order, at any time in these proceedings.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this **Protective** Order.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party in writing before the scheduled date for production. Such notification must

9

include a copy of the subpoena or court order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately**:** (a) notify the Designating Party in writing of the unauthorized disclosures**;** (b) use its best efforts to retrieve all copies of the Protected Material**;** (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order**;** and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" **which** is attached hereto as Exhibit A.

9. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific document(s) at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the "Confidential" document at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. The Party filing a request pursuant to Civil Local Rule 79-

10

1 5 shall serve a copy of the request by e-mail on all other Parties on the day the
2 request is filed. If a Receiving Party files a request to file Protected Material under
3 seal pursuant to Civil Local Rule 79-5, the Designating Party shall be permitted to
4 file, within 48 hours of the Receiving Party's request, an "Addendum to Application
5 to File Under Seal Pursuant to Protective Order" providing the reasons the
6 Designating Party believes the document should be filed under seal. If a Receiving
7 Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-
8 5 is denied by the court, then the Receiving Party may file the information in the
9 public record unless otherwise instructed by the court. Denial of a Receiving
10 Party's request to file Protected Material shall not result from Receiving Party's
11 failure to conform to Civil Local Rule 79-5 or any other applicable rule.

12       10.   **DURATION AND FINAL DISPOSITION**

13       This Protective Order shall survive the final termination of this action, to the
14 extent that the information contained in Protected Material is not or does not
15 become known to the public, and the Court shall retain jurisdiction to resolve any
16 dispute concerning the use of information disclosed hereunder. Within 60 days of
17 termination of this case, counsel for the Parties shall assemble and return to each
18 other all Protected Material, and all copies of the same, or shall certify the
19 destruction thereof. Notwithstanding this provision, counsel are entitled to retain an
20 archival copy of all pleadings, motion papers, transcripts, legal memoranda,
21 correspondence, or attorney work product, even if such materials contain Protected
22 Material. Any such archival copies that contain or constitute Protected Material
23 remain subject to this Protective Order.

24       11.   **INADVERTENT DISCLOSURE OF PRIVILEGED**
25                 **INFORMATION**

26       Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the
27 Federal Rules of Civil Procedure, incorporated herein by reference, the inadvertent
28 or unintentional disclosure by the Producing Party or non-party of information

subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity, shall not be deemed a waiver in whole or in part of the Party's or nonparty's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Party or non-party has inadvertently produced information subject to a claim of immunity or privilege, the Parties shall comply with their obligations under Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By **having stipulated to** the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Injunctive Relief</u>. The Parties shall not use or reveal, directly or indirectly, Protected Material in violation of this Protective Order. The Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order.

12.4 <u>Notice</u>: Transmission by electronic mail is acceptable for all notification purposes herein.

///
///
///
///
///
///

12

1       12.5 <u>Advice to Client</u>: Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Material produced or exchanged in this litigation.

**IT IS SO ORDERED.**

Dated: October 10, 2013

                                _____

                                MARGARET A. NAGLE

                         UNITED STATES MAGISTRATE JUDGE

13

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ADES and HART WOOLERY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI HOTELS MANAGEMENT CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-02468 CAS MAN<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

I, _____, in connection with the above-caption lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated October 10, 2013.

My address is

_____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

1       I will return on request all materials containing confidential information,
2 copies thereof and notes that I have prepared relating thereto, to outside counsel of
3 record for the party with whom I am associated or from whom I received
4 information or material designated as "Confidential."
5       I hereby submit to the jurisdiction of this Court for the purpose of
6 enforcement of the Protective Order and waive any and all objections to jurisdiction
7 and venue.
8       Respectfully submitted,
9
10 Dated: _____                    By:_____
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28