**EXHIBIT D**

Superior Court of California, County of Sacramento
Judge, James M. Mize
Department 123

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SACRAMENTO

TATARYN, PETER ANDREW ) Case No.: 08FL00527
)
Petitioner, ) **RULING ON SUBMITTED MATTER**
)
vs. )
)
BARNETT, JENNIFER DIANE )
)
Respondent. )

The parties appeared for hearing on April 28, 2014, Petitioner represented by Hossein Khatami, Respondent represented by Jenny Bain and T-Mobile represented by James Snell. After oral argument the matter was taken under submission.

The issue in dispute was whether California Public Utilities Code (PUC) Code section 2891 (a)(1) applies to mobile phone accounts, thus requiring the customer's written consent before phone records may be released pursuant to a subpoena.

Petitioner's subpoena seeks the T-Mobile phone records of a third party. Although the third party did not object based on privacy, T-Mobile has objected based on its argument that it could be subject to liability for disclosing the records without its customer's consent. T-Mobile cites PUC section 2891 in support of its position.

PUC Section 2891(a)(1) provides:

   (a) No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, any of the following information:

Case No. 08FL00527      Ruling - 1

> (1) The subscriber's personal calling patterns, including an listing of the telephone or other access numbers called by the subscriber, but excluding the identification of the person called of the person calling and the telephone number from which the call was placed, subject to the restrictions in Section 2893, and also excluding billing information concerning the person calling which federal law or regulation requires a telephone corporation to provide to the person called.

In addition, under Code of Civil Procedure section 1985.3(f):

> A subpoena duces tecum for personal records maintained by a telephone corporation which is a public utility, as defined in Section 216 of the Public Utilities Code, shall not be valid or effective unless it includes consent to release, signed by the consumer whose records are requested, as required by Section 2891 of the Public Utilities Code.

There is no apparent dispute as to whether T-Mobile is a telephone or telegraph corporation under PUC section 2891. This issue has been resolved by case law. (*GTE Mobilenet of Cal. Ltd. P'ship v. City and County of San Francisco*, 440 F.Supp.2d 1097, 1102-1103 (N.D. Cal. 2006). In addition, under PUC section 216(a), a public utility is defined as "every ... telephone corporation ... where service is performed for or the commodity is delivered to, the public or any portion thereof." There is no apparent dispute that T-Mobile is a public utility.

The sole argument is that mobile phone subscribers do not fall within the definition of "residential" under PUC section 2891. Petitioner argues that "residential subscribers" applies only to landline subscribers and not to mobile subscribers.

"Residential" is not defined under the PUC. T-Mobile points out that Code of Civil Procedure section 1985.3(f) does not use the term, but instead refers only to the "personal" records of subscribers, indicating that the statutes are intended to distinguish between residential (or personal) and business customers. T-Mobile also points out that the case law has included wireless providers within the definition of telephone corporations.

T-Mobile cites two cases in support of its argument. *In re Farsheedi*, Case No. C-09-3888, 2009 WL 4572745 (N.D. Cal. Dec. 4, 2009) and the related Bankruptcy Court action *In re Farsheedi*, Case No. 09-52697 (Bankr. N.D. Cal. July 2, 2009.) *In re Farsheedi*, the appellants sought to appeal the Bankruptcy Court's order which held that section 2981 *did* apply to mobile records. The court of appeal held that the order was not appealable as it was not final, although it acknowledged that "...the law does not appear to be settled with respect to the application of Cal. Pub. Util. Code § 2891 to cellular telephone providers." *Bad Boys Bail Bonds, Inc. v. Farsheedi* (In re Farsheedi), 2009 U.S. Dist. LEXIS 119364 (N.D. Cal. Dec. 4, 2009). The disposition was not designated for publication in the official reports. The bankruptcy decision is not published and T-Mobile only provided a copy of the transcript of the hearing. Neither case has binding precedential value.

Petitioner was also unable to provide any binding authority. Petitioner points out unpublished federal opinions for persuasive authority, nothing that California Rules of Court, rule 8.1115

1  only prohibits citation of unpublished California decisions. (Citing *Bowen v. Ziasun Techs., Inc.*
2  (2004) 116 Cal.App.4th 777, 787, fn. 6.)

3  Petitioner cites the case of *Kamalu v. Walmart Stores, Inc.* (E.D. Cal., Aug. 15, 2013, 1:13-CV-
4  00627-SAB) 2013 WL 4403903 in support of its position. The court in *Kamalu* first discussed
   that the legislative intent was to protect consumers from telephone solicitation, not civil
5  discovery. In deciding that the term "residential" did not apply to mobile users, the court's only
   basis was that the Legislature enacted section 2890.2 which applies to mobile telephony service
6  providers. "This indicates that the Legislature is aware of the difference between residential and
   mobile telephony service providers and had they intended for section 2891 to apply to mobile
7  telephony service providers they would have so stated or not limited section 2891 with the term
8  'residential'." Based on that, the court held that 2891 did not apply to mobile phones. *Kamalu v.
   Walmart Stores, Inc.*, 2013 U.S. Dist. LEXIS 116590 (E.D. Cal. Aug. 15, 2013).
9
10 It does not appear that section 2890.2 would limit section 2891 as suggested by *Kamalu*. Section
   2891 falls under Article 3, "Customer Right to Privacy." Section 2980.2 falls under Article 2,
11 "Customer and Subscriber Services." Section 2980.2 refers to the ability of subscribers to obtain
   information on roaming charges and texting charges, items that are specific to mobile phones.
12 Nothing in that section has anything to do with privacy rights. The Note to this section indicates
   that the Legislature simply intended to make it easier for the subscribers to obtain information
13 about fee structures. In addition, section 2890.2 was enacted in 2002. Section 2891 was enacted
14 in 1986, before cell phones proliferated. So although the court in *Kamalu* assumed that the
   Legislature knew how to refer to mobile phones and chose not to when it passed section 2981,
15 this is not entirely accurate. The sections were concerned with different aspects of the telephone
   industry and were enacted nearly two decades apart.
16

17 Petitioner also points out that in 2008 the Legislature rejected a proposed amendment to 2891 to
   extend it to mobile users via Assembly Bill 3011. Petitioner asserts that the failure of the bill
18 was indicative of a Legislative intent to differentiate between residential and mobile users.
19
   An examination of the Legislative History does not support the argument that the Legislature's
20 rejection of AB 3011 was necessarily an expression of intent to remove mobile phones from the
   protections of PUC section 2891. According to the bill author, historically, mobile telephone
21 companies had complied with California's telephone privacy rules. "While the history of the
22 statute appears to show that the 'residential' customer's language was intended to create a
   distinction between business customers and customers that use the telephone for personal use,
23 the PUC and some mobile telephone companies were beginning to interpret California's
   telephone rules as only applying to residential landline customers." . (Assem. Com. on Utilities
24 and Commerce, Analysis of Assem. Bill No. 3011(2007-2008 Reg. Sess.) as amended May 8,
25 2008, pp. 3-4.) Because mobile telephone companies did not distinguish between residential and
   non residential customers, the mobile telephone companies believed they were not subject to
26 California's telephone privacy rules. (Assem. Com. on Utilities and Commerce, Analysis of
   Assem. Bill No. 3011(2007-2008 Reg. Sess.) as amended May 8, 2008, pp. 3-4.)
27
28 The opposition (primarily mobile companies) opposed the bill on the grounds that it was
   unnecessary because a mobile telephone subscriber's private information was already protected

Case No. 08FL00527                    Ruling - 3

by the FCC's rules. There was concern that if they were required to obtain opt-in consent to share customer information under California law, the industry would have a more difficult time outsourcing these services (such as to customer service centers.) There was also concern about violation of the US Constitution free speech guarantees regarding commercial speech. The Legislative History reflects then, not that section 2891 was never intended to apply to mobile lines, rather, it was always intended to apply to noncommercial lines and the bill was intended to prevent the improper interpretation that mobile phones were not subject to its provisions. (Assem. Com. on Utilities and Commerce, Analysis of Assem. Bill No. 3011(2007-2008 Reg. Sess.) as amended May 8, 2008, pp. 3-4.)

Reviewing the various versions of the proposed bill reflects that there was first an attempt to revise the statute by striking the word "residential." (Assem. Bill No. 3011 (2007 2008 Reg. Sess.) §1.) Subsequent versions then added the word "noncommercial." (Assem. Amend. to Assem. Bill No. 3011 (2007-2008 Reg. Sess.) April 22, 2008; May 8, 2008.) Finally, there was a somewhat awkward attempt to address some of the "opt in" concerns of the opposition. (Assem. Amend. to Assem. Bill No. 3011 (2007-2008 Reg. Sess.) April 22, 2008; May 28, 2008.) The language of the final version was somewhat unwieldy and there is no clear indication that the failure to pass was a determination that mobile phone users are not intended to be protected under PUC section 2891. For example, the bill could have been defeated because it was considered unnecessary if the mobile companies would continue to treat mobile and landlines the same, the FCC rules were adequate or that what was perceived as a simple fix ended up being too complicated.

On the balance, review of the statutes supports the view that PUC section 2891 applies to mobile subscribers. The language of Code of Civil Procedure section 1985.3(f) refers only to personal records. The word "residential" in PUC section 2891 is not defined as "landline" and PUC section 2891 was enacted before the proliferation of mobile phones. The Legislative History of section 2981 suggests that the word "residential" was intended to differentiate from commercial subscribers, not as between landlines and mobile lines.

Public Utilities Code (PUC) Code section 2891 (a)(1) applies to mobile phone records. Therefore, the documents may not be released without the customer's written consent. The request for joinder is denied as this is simply a discovery issue. The request for sanctions against T-Mobile is denied as this is an unsettled area of law and T Mobile could be exposed to civil liability for releasing records and was thus justified in opposing the subpoena. T-Mobile's request for monetary sanctions under CCP section 1987(a) for motions made in bad faith is denied. Because the law is unsettled, it does not seem appropriate to award sanctions to T-Mobile, either.

DATED: June 9, 2014

                                      HON. JAMES M. MIZE,
                                      JUDGE OF THE SUPERIOR COURT

Case No. 08FL00527         Ruling - 4

## Declaration of Mailing

I, J. Lucas, hereby certify that I am not a party to the within action, and that I placed a copy of this RULING DATED JUNE 9, 2014 in sealed envelopes with first class postage prepaid addressed to each party, or their attorney of record as indicated below and placed the envelopes at my place of business for same-day collection and mining with the United States mail, following our ordinary business practices with which I am familiar with.

Date of deposit: June 9, ~~2013~~ 2014        Place of Deposit: Sacramento

Addressed as follows:

Hossein Khatami          James Snell
6542 Lonetree Blvd.      3150 Porter Dr.
Rocklin, CA 95765        Palo Alto, CA 94304

Melissa D. Cianci
2281 Lava Ridge Court, Suite 300
Roseville, CA 95661

Dated: 6/9/14

J. Lucas, Courtroom Clerk

Case No. 06FL00527        Ruling - 5