UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | May 18, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - ORDER RE: CLASS NOTICE

On March 10, 2015, defendant Omni Hotels Management Corporation ("Omni") filed an *ex parte* application to compel the production and consideration of a notice to be mailed to Verizon Wireless ("Verizon") subscribers who are potential class members in this action. Dkt. No. 89. Plaintiffs responded to that *ex parte* application on March 11, 2015, Dkt. No. 91, and Omni filed a reply on March 12, 2015, Dkt. No. 92. On March 12, 2015, the Court ordered plaintiffs' counsel to produce the notice referenced in the *ex parte* application. Dkt. No. 95. Plaintiffs filed the notice *in camera* on March 18, 2015. Dkt. No. 96.

On March 25, 2015, the Court held a telephonic status conference with the parties, and directed them to file briefs on whether California law permits wireless carriers to release individual subscribers' name, address, and call location data without an "opt-in" notice procedure for such release . See Dkt. Nos. 105, 107. The parties filed such briefs on April 8, 2015. Dkt. Nos. 110, 111. With leave of Court, plaintiff filed a reply to defendant's supplemental brief on April 16, 2015. Dkt. No. 121. Defendants filed a response to that brief as well. Dkt. No. 120-1. Non-parties Verizon and AT&T Mobility ("AT&T") also filed briefs on the issue. Dkt. Nos. 108, 114.

Having carefully considered the parties' arguments, the Court concludes that California Public Utilities Code section 2891(a) applies to cellular telephone subscribers, and that the names, addresses, and physical whereabouts of subscribers at the time of those calls constitute information protected by that statute. Although the case law on these issues is sparse, the Court is more persuaded by Birchmeier v. Caribbean Cruise Line, Inc., No. 1:12-cv-04069 (N.D. Ill. Mar. 20, 2015) (Dkt. No. 111 Ex. C), and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | May 18, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

Tataryn v. Barnett, No. 08 FL 00527 (Cal. Sup. Ct. June 9, 2014) (Dkt. No. 111 Ex. D), than by Kamalu v. Walmart Stores, Inc., No. 1:13-cv-00627-SAB, 2013 U.S. Dist. LEXIS 116590 (E.D. Cal. Aug. 15, 2013).  Accordingly, the Court concludes that, under section 2891, the information sought should not be released to plaintiffs without the subscribers' express consent.[1]

  Both AT&T and Verizon are directed to ascertain to the extent possible the identities of subscribers who, between March 15, 2012 and March 22, 2013, inclusive, placed cellular telephone calls from within California, and from a cellular telephone number with a California area code, to the following Omni numbers: (888) 444-6664, (800) 843-6664, (877) 440-6664, (800) 788-6664, or (800) 809-6664.  AT&T and Verizon are to prepare a notice advising those subscribers that their records have been subpoenaed in connection with the class action lawsuit styled Steven Ades & Hart Woolery v. Omni Hotels Management Corporation, et al., and request that such subscribers consent to the information at issue being provided to the parties in this litigation.  The notice shall make clear that the decision whether to consent is left to the subscriber.  The cost of the notice shall be borne by plaintiffs, and the notice shall be approved by the Court prior to its being sent to subscribers.

  IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] The Court also finds unpersuasive plaintiffs' arguments that applying section 2891 in this instance would violate the United States Constitution.  Applying the California statute to the wireless subscribers at issue—who are not and in some cases never will be class members—does not conflict with Federal Rule of Civil Procedure 23(b)(2) so as to violate the Supremacy Clause.  Nor do plaintiffs point to any on-point authority suggesting that the section's application would violate the Due Process Clause or First Amendment.