UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Hannick | David Farkas |
| Zev Zysman | Rob Hoffman |

**Proceedings:** DEFENDANT'S MOTION FOR AN ORDER COMPELLING RETURN OF SPRINT DOCUMENTS (Dkt. No. 132, filed July 6, 2015)

PLAINTIFFS' MOTION FOR AN ORDER THAT RULE 23 CLASS NOTICE BE COMPLETED BEFORE MAILING OF DISCOVERY AUTHORIZATION LETTERS (Dkt. No. 134, filed July 13, 2015)

## I.    INTRODUCTION AND BACKGROUND

Plaintiffs filed this class action on March 15, 2013 in Los Angeles County Superior Court.  Defendant Omni Hotels Management Corporation ("Omni") removed the lawsuit to this Court on the basis of diversity jurisdiction on April 8, 2013.  Dkt. No. 1.  On April 29, 2013, plaintiffs filed the operative First Amended Complaint ("FAC"), which asserts claims pursuant to the California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 *et seq.*  In brief, plaintiffs allege that they called Omni's toll-free telephone numbers and, not having been apprised as required by law that their calls would be recorded, provided Omni representatives with personal information.  FAC ¶¶ 16–17. Plaintiffs further allege that Omni, at all relevant times, had a company-wide policy of recording inbound telephone conversations with consumers without seeking consent or informing consumers about the monitoring.  Id. ¶¶ 18–19.  On September 8, 2015, the Court granted plaintiffs' motion for class certification.  Dkt. No. 80.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

    On March 10, 2015, Omni filed an *ex parte* application to compel the production and consideration of a notice to be mailed to Verizon Wireless ("Verizon") subscribers who are potential class members. Dkt. No. 89. In a subsequent status conference, the Court questioned whether California law permits wireless carriers to release individual subscribers' name, address, and call location data without those subscribers' affirmative written consent. See Dkt. Nos. 105, 107. Plaintiffs had subpoenaed that information from Verizon and two other wireless carriers because, among other reasons, it would help prove that class members were physically located in California when they made calls to Omni. See Dkt. No. 127 at 3. At the time of the aforementioned status conference, Sprint Corporation ("Sprint") had already produced documents in response to plaintiffs' subpoena, but AT&T Mobility ("AT&T") and Verizon had not.[1] See Dkt. No. 132-3 at 7. At the Court's request, the parties submitted briefs on California Public Utilities Code section 2891, which provides in relevant part:

> (a) No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, any of the following information:
> > (1) The subscriber's personal calling patterns, including any listing of the telephone or other access numbers called by the subscriber, but excluding the identification to the person called of the person calling and the telephone number from which the call was placed, subject to the restrictions in Section 2893, and also excluding billing information concerning the person calling which federal law or regulation requires a telephone corporation to provide to the person called.
> > (2) The residential subscriber's credit or other personal financial information, except when the corporation is ordered by the commission to provide this information to

---

[1] Plaintiffs issued the subpoena to Sprint on November 7, 2014, and a complete copy of Sprint's production was provided to Omni's counsel on December 16, 2014. See Dkt. No. 133-1 ¶¶ 2–3 & Exs. 1 & 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

> any electrical, gas, heat, telephone, telegraph, or water corporation, or centralized credit check system, for the purpose of determining the creditworthiness of new utility subscribers.
> (3) The services which the residential subscriber purchases from the corporation or from independent suppliers of information services who use the corporation's telephone or telegraph line to provide service to the residential subscriber.
> (4) Demographic information about individual residential subscribers, or aggregate information from which individual identities and characteristics have not been removed.

Cal. Pub. Util. Code § 2891(a). Although Omni originally raised the section 2891 issue, the wireless carriers who had yet to produce documents in response to plaintiffs' subpoenas also submitted briefs on the issue. Verizon noted a split of authority on the applicability of section 2891 and stated that it would "not produce any information . . . absent guidance from this Court." Dkt. No. 114 at 1–2. AT&T "ask[ed] the Court to order that Plaintiffs must have customer consent to require the production of the information sought in their subpoena regarding AT&T's customers," arguing that section 2891 applied to wireless customers and to categories of information sought through plaintiffs' subpoena. Dkt. No. 108 at 5–6.

  The Court ordered that, while the section 2891 issue was being decided, "anything that is produced pursuant to the[] subpoenas . . . be maintained by counsel, not turned over to any third party," and "[m]aintained in a segregated fashion so that they can be identified subsequently and be available to be returned to the entities producing those documents in the event [the Court] determine[s] that there must be consent by the consumers." Dkt. No. 132-3 at 14–15. The Court stated that it "at the end of the day [the Court] may direct that" such information be returned. Id. at 14.

  On May 18, 2015, the Court issued an order concluding "that California Public Utilities Code section 2891(a) applies to cellular telephone subscribers, and that the names, addresses, and physical whereabouts of subscribers at the time of those calls

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

constitute information protected by that statute." Dkt. No. 124 at 1. The Court therefore ruled that the information plaintiffs sought should not be released without the telephone subscribers' express consent, and ordered:

> Both AT&T and Verizon are directed to ascertain to the extent possible the identities of subscribers who, between March 15, 2012 and March 22, 2013, inclusive, placed cellular telephone calls from within California, and from a cellular telephone number with a California area code, to the following Omni numbers: (888) 444-6664, (800) 843-6664, (877) 440-6664, (800) 788-6664, or (800) 809-6664. AT&T and Verizon are to prepare a notice advising those subscribers that their records have been subpoenaed in connection with the class action lawsuit styled Steven Ades & Hart Woolery v. Omni Hotels Management Corporation, et al., and request that such subscribers consent to the information at issue being provided to the parties in this litigation. The notice shall make clear that the decision whether to consent is left to the subscriber. The cost of the notice shall be borne by plaintiffs, and the notice shall be approved by the Court prior to its being sent to subscribers.

Dkt. No. 124 at 2. On May 28, 2015, plaintiffs filed a motion to certify for interlocutory review several issues relating to the Court's order concerning section 2891(a). Dkt. No. 125. The Court denied that motion on June 22, 2015.

On July 6, 2015, Omni filed a motion for an order compelling the return of documents provided to plaintiffs by Sprint that reveal personal subscriber information. Dkt. No. 132. On July 13, 2015, plaintiffs filed a motion for an order mandating that Rule 23 class notices be mailed to potentially affected Verizon and AT&T subscribers before those wireless carriers sent letters to the same subscribers seeking their consent to release their information to plaintiffs' counsel. Dkt. No. 134. Both motions were fully briefed, and the Court held a hearing on August 10, 2015. Having considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

## II.   MOTION FOR RETURN OF SPRINT DOCUMENTS

As stated above, Sprint had already produced subscriber records in response to plaintiffs' subpoena by the time the Court ruled on the section 2891 issue, and the Court's May 18, 2015 order only directed AT&T and Verizon to prepare subscriber consent notices. Unlike AT&T and Verizon—which filed briefs indicating that they would not produce documents in response to plaintiffs' subpoenas absent a court order—Sprint produced the records at issue without objection. Regardless, Omni now seeks a court order requiring plaintiffs' counsel "to return all personal subscriber information produced by Sprint," which Omni argues is necessary to comply with this Court's interpretation of section 2891. Dkt. No. 132-1 at 1.

The Court does not reach the merits of Omni's position because Omni lacks standing to enforce the subscribers' privacy rights by compelling plaintiffs to return documents already produced by third-party wireless carriers. See Jerry T. O'Brien, Inc. v. SEC, 704 F.2d 1065, 1068 (9th Cir. 1983) ("Barring questions of privilege or other special circumstances, it is true that appellants have no right to protect or withhold documents held by a third party."), rev'd on other grounds, 567 U.S. 735 (1984); Laxalt v. McClatchy, 809 F.2d 885, 891 (D.C. Cir. 1987) ("[W]here . . . a subpoena duces tecum is directed to a nonparty, unless a party to the action can make a claim to some personal right or privilege with respect to the subject matter of such subpoena directed to a nonparty witness, the party to the action has no right to relief." (internal quotation marks, brackets, and citation omitted)); Langford v. Chrysler Motor Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."). Because no party with standing has requested the return of the already-produced documents, this motion is **DENIED**.[2]

---

[2]Conceding that it has no personal right or privilege with regard to the subject matter of the Sprint subpoena, Omni contends that this Court has the authority to order that the records be returned *sua sponte*. See Dkt. No. 137 at 4–5 (citing Williams v. Moody, No. Civ.A.98-1211, 1999 WL 230914, at * 1 n.1 (E.D. Pa. May 18, 1999) (noting court's inherent authority to quash a subpoena issued spending appeal), and Haywood v. Hudson, No. CV-90-3287 (CPS), 1993 WL 150317, at *4–5 (E.D.N.Y. Apr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

### III.   MOTION REGARDING RULE 23 CLASS NOTICE

Certification of the plaintiff class in this action triggered the provisions of Federal Rule of Civil Procedure 23(c)(2)(B), which provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(b)(3).  Plaintiffs argue that such class notice should be mailed by Verizon and AT&T (but at plaintiffs' expense) to those wireless carriers' subscribers who are potential class members, and the class opt-out process completed before those subscribers are sent notices giving them the option of having their information released to plaintiffs.  In the alternative, plaintiffs submit that the class notices and consent notices

---

23, 1993) (concluding that defendants lacked standing to challenge subpoena to third party, but citing court's own discretionary power in declining to issue subpoena where relevance of witness's testimony had not been explained)).  But Omni cites no case in which a court has *sua sponte* compelled the return of already-produced documents with evidentiary value in the absence of any objection by a party with standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

could be combined. In opposition, Omni contends that the consent notices should be sent first, and that class notices should be sent only to those subscribers who affirmatively consent to the release of their information.

     Having considered the parties' arguments, the Court agrees with plaintiff that Omni's preferred order of operations would prejudice plaintiffs and the potential class members by forcing the subscribers to decide whether to consent to the release of their information without being fully informed of the consequences of that decision. Additionally, the Court is not persuaded by Omni's contention that section 2891 prohibits Verizon and AT&T from sending a class notice at plaintiffs' expense. By its terms, section 2891 only prohibits telephone companies from "mak[ing] available to any other person or corporation, without first obtaining . . . consent," certain information. Cal. Pub. Util. Code § 2891(a). And at least one federal court has found nothing improper with such a procedure, after holding that section 2891 required affirmative consent for the release of similar information by wireless subscribers. See Birchmeier v. Carribean Cruise Line, Inc., Dkt. Nos. 304, 317, Case No. 1:12-cv-04069 (N.D. Ill. filed May 4, 2012) (approving combined class and section 2891 notice to be mailed by AT&T at plaintiffs' expense). Further, the likelihood that some subscribers are not class members does not negate the importance of providing individual notice, if possible, to the subscribers that are. See Fed. R. Civ. P. 23(c)(2)(b) (requiring that courts "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort").[3]

---

     [3]The Court does not decide the separate dispute whether AT&T and Verizon can be *compelled* to send out a combined notice. Because no form of notice has been submitted, let alone approved, and neither wireless carrier has voiced its position on sending such a combined notice, that issue is not before the Court. The Court notes, however, that Omni appears to be correct that Birchmeier does not provide authority for compelling a non-party telephone company to send out a Rule 23 notice. In Birchmeier, Verizon and AT&T "agreed—subject to the Court's approval—to a process in which they . . . would be responsible for mailing [Rule 23] notice directly to their respective California Subscribers," which notice would include language stating that the subscribers' information would not be released to plaintiffs absent their affirmative consent. See Birchmeier Dkt. No. 297 ¶¶ 4–5. Wireless carrier T-Mobile did not agree to such a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-02468-CAS(MANx) | Date | August 10, 2015 |
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

  The Court also concludes that the most efficient course of action would be having AT&T and Verizon mail at plaintiffs' expense a combined class and section 2891 consent notice, which—in addition to apprising the relevant subscribers of this lawsuit as required by Rule 23(c)(2)(B)—makes clear that because of California privacy law, recipients' identities and call information will not be provided to any party to this litigation absent the recipients' express consent.  The notice should provide for such affirmative consent to be provided by signing and returning a form prepared by plaintiffs, by emailing or calling plaintiffs' claim administrator, or other reasonable means.  The combined notice is to be approved by Verizon and AT&T before being submitted to the Court, and cannot be sent to any subscriber until this Court has approved it.  In accordance with the foregoing, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

  IT IS SO ORDERED.

| | 00 | : | 24 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

process, "and instead suggested that publication notice is the best notice practicable."  Id. ¶ 8.  The plaintiffs requested that the Court either permit them to provide publication notice to T-Mobile's California subscribers, or "alternatively, order T-Mobile to submit to the same process described for Verizon and AT&T."  Id.  The Birchmeier court subsequently directed AT&T to mail the combined notice, but does not appear to have ordered T-Mobile to do so.  See Birchmeier Dkt. No. 317 ¶ 3.