UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Hannink | David Farkas |
| Zev Zysman | Robert Hoffman (By Telephone) |

**Proceedings:** MOTION TO MODIFY CLASS DEFINITION (Filed 08/24/2015)[143]

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs filed this class action on March 15, 2013 in Los Angeles County Superior Court. Defendant Omni Hotels Management Corporation ("Omni") removed the lawsuit to this Court on the basis of diversity jurisdiction on April 8, 2013. Dkt. No. 1. On April 29, 2013, plaintiffs filed the operative First Amended Complaint ("FAC"), which asserts claims pursuant to the California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 *et seq.* In brief, plaintiffs allege that they called Omni's toll-free telephone numbers and, not having been apprised as required by law that their calls would be recorded, provided Omni representatives with personal information. FAC ¶¶ 16–17. Plaintiffs further allege that Omni, at all relevant times, had a company-wide policy of recording inbound telephone conversations with consumers without seeking consent or informing consumers about the monitoring. Id. ¶¶ 18–19. On September 8, 2015, the Court granted plaintiffs' motion for class certification. Dkt. No. 80.[1]

---

[1] In the Court's prior order, the following class was certified:

> All individuals who, between March 15, 2012 and March 22, 2013, inclusive, while physically present in California, participated in a telephone call with a live representative of Omni that was: (1) placed to one of the following Omni numbers: (888) 444-6664, (800) 843-6664, (877) 440-6664, (800) 788-6664, or (800) 809-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

On August 24, 2015, Plaintiff filed the instant motion to modify the class definition set forth in the Court's order granting class certification. Dkt. 143. The proposed class definition is as follows:

> All individuals who, between March 15, 2012 and March 22, 2013, inclusive, while physically present in California, participated in a telephone call with a live representative of Omni that was: (1) placed to one of the following Omni numbers: (888) 444-6664, (800) 843-6664, (877) 440-6664, (800) 788-6664, or (800) 809-6664; (2) made from a telephone number that includes a California area code (*i.e.*, 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 669, 707, 714, 747, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951); (3) was transmitted via cellular telephone on the network of AT&T, Verizon Wireless, or Sprint; (4) based on Omni's business records, resulted in a reservation and/or was made from a telephone number that appears in Omni's records as the "guest phone" number associated with a reservation; and (5) for which an audio recording made by Omni is presently in existence. The class excludes all employees of Defendant and Plaintiffs' counsel and their employees.

Id. Defendants do not oppose this motion. Id. The Court held a hearing on September 21, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

> 6664; (2) made from a telephone number that includes a California area code (*i.e.*, 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 669, 707, 714, 747, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951); and (3) transmitted via cellular telephone on the network of AT&T, Verizon Wireless, or Sprint. The class excludes all employees of defendant and plaintiffs' counsel and their employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-02468-CAS(MANx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | STEVEN ADES & HART WOOLERY v. OMNI HOTELS MANAGEMENT CORPORATION, ET AL. | | |

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), a district court may modify an order granting class certification, including to modify the class definition, at any time before final judgment.  See also Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001) ("Where appropriate, the district court may redefine the class") (citing Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 467 (9th Cir. 1987); Powers v. Hamilton Cnty. Public Defender Com'n, 501 F.3d 592, 619 (6th Cir. 2007) ("[D]istrict courts have broad discretion to modify class definitions").

Here, plaintiffs argue that the modified class definition will eliminate the issue of whether particular calls were recorded because for each call that falls within the new class definition there is a recording in existence.  Mot. to Modify Class, at 1.  Furthermore, plaintiffs contend that the new class definition will facilitate the identification of class members because many potential class members will be identifiable from either Omni's business records or the recordings themselves rather than from the records of service providers.  Id. at 3.

Particularly given that defendants do not oppose plaintiff's motion, the Court finds that modification of the class definition is appropriate in this case.  Modifying the class definition will eliminate the need for the parties to devote time and resources to discovery and motion practice regarding whether particular calls were recorded.  And, because the new class is defined with reference to phone numbers in Omni's business records, the new class definition may avoid the need to obtain potential class members contact information from telephone service providers.

Accordingly, plaintiffs' motion to modify the class definition is GRANTED.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |