1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| STEVEN ADES and HART WOOLERY, on behalf of themselves and all others similarly situated, | CASE NO. 2:13-cv-02468 CAS (AGRx) |
|---|---|
| Plaintiffs, | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| OMNI HOTELS MANAGEMENT CORPORATION and DOES 1 through 100, inclusive, | |
| Defendants. | |

Pending before the Court is the Motion for Preliminary Approval of Class Action Settlement ("Motion") relating to the settlement between plaintiff Steven Ades ("Ades") and defendant Omni Hotels Management Corporation ("Defendant" or "Omni"). Having read and considered the moving papers, including the Settlement Agreement, and finding good cause, the Court finds and orders as follows:

1. Based upon the Court's review of the Settlement, the Motion and supporting declarations, and the entire record, the Motion for Preliminary Approval of Class Action Settlement is GRANTED. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable as to all Certified Class Members when balanced against the cost and uncertainty associated with further litigation of liability and damages issues. It further appears that settlement of the Action at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Action. It also appears that the Settlement has been reached as a result of non-collusive, arm's-length negotiations.

2. In this Order, the term "Certified Class" means all individuals who, between November 23, 2012 and March 22, 2013, while residing and physically located in California, participated in a telephone call with a live representative of Omni that: (1) was placed to one of the following Omni numbers: (888) 444-6664, (800) 843-6664, (877) 440-6664, (800) 788-6664, or (800) 809-6664; (2) was made from a telephone number that includes a California area code (i.e., 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 669, 707, 714, 747, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951); (3) was transmitted via cellular telephone on the network of AT&T, Verizon Wireless, or Sprint; (4) based on Omni's business records, resulted in a reservation and/or was made from a telephone number that appears in Omni's records as the "guest phone" number associated with a reservation; and (5) for which an audio recording made by Omni is

1 presently in existence.  The term "Certified Class Member" means any member of
2 the Certified Class.

3.  The Court approves the Notice of Class Action Settlement and Claim Form (Exhibits A and B to the Settlement Agreement, respectively).  The notice procedure for first-class mail described in the Settlement meets the requirements of Fed. R. Civ. P. 23 and due process and constitutes the best practicable notice under the circumstances.

4.  Defendant shall comply with the requirements of 28 U.S.C. § 1715.

5.  Within fifteen (15) days of entry of this Order, the Parties shall confer to formulate a final list of potential Certified Class Members who may have participated in a Qualified Call.

6.  Within fifteen (15) days after the Parties have formulated the final list of potential Certified Class Members, Class Counsel shall provide to Defendant a final list of potential Certified Class Members, including their most recent available address information.

7.  No later than thirty (30) days after Defendant's receipt of the final list of potential Certified Class Members from Class Counsel, Defendant shall mail the Notice of Class Action Settlement and Claim Form to the names and addresses on that list.  The mailing shall be via first class mail, postage prepaid.  The date on which the notices are deposited for mailing with the U.S. Postal Service shall be the "Notice Date."

8.  As set forth in the Settlement, any objections to the Settlement or to any of its provisions must be filed with this Court and served upon counsel no later than sixty (60) days following the Notice Date, or else such objection will be waived.  Any objection, including any related papers or briefs, must be served by hand or by first-class mail to Class Counsel (Dostart Hannink & Coveney LLP, Attention James T. Hannink, 4180 La Jolla Village Drive, Suite 530, La Jolla, CA 92037; <u>and</u> Law Offices of Zev B. Zysman, APC, Attention Zev B. Zysman, 15760

Ventura Boulevard, 16th Floor, Encino, CA 91436) <u>and</u> to Defendant's counsel (Liner LLP, Attention David B. Farkas, 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024).  Any Certified Class Member who does not object in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the Settlement.

9. As set forth in the Settlement, any Certified Class Member who wishes to be excluded from the Settlement shall mail, email, or deliver to Class Counsel a written request for exclusion no later than sixty (60) days following the Notice Date. Certified Class Members who do not timely request exclusion shall be bound by all determinations of the Court, the Settlement, and any Judgment that may be entered thereon.

10. As set forth in the Settlement, in order to receive consideration under the Settlement, Certified Class Members must complete and timely return a Claim Form no later than sixty (60) days following the Notice Date.  Following validation of Claims Forms in accordance with the Settlement, the Parties shall prepare a final list of Qualified Class Members entitled to receive consideration under the Settlement.

11. The Parties shall file any motion for final approval, and Class Counsel shall file any motion for reimbursement of costs and/or for a service payment to plaintiff Steven Ades (all of which are subject to the terms of the Settlement Agreement and to Court approval), on the dates required under the Local Rules and under controlling law.

12. A Final Approval Hearing shall be held in this Court on February 13, 2017, at 10:00 a.m., at which time the Court will determine whether the Settlement should be granted final approval.  At that time, the Court will also consider Class Counsel's motion for reimbursement of costs and for a service payment to Ades, subject to the terms of the Settlement Agreement.

13.     If the Settlement does not become effective in accordance with the terms of and as defined in the Settlement, or if the Settlement is not finally approved by the Court, or is terminated, canceled or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated. Accordingly, if the Settlement does not become effective for any reason, the Settlement shall be null and void and shall have no further force and effect with respect to any Party in this Action, Omni will have the right to challenge the continuing viability of the Certified Class, all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties, who shall be restored to their respective positions as of the day before the Term Sheet was signed, and Omni will not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted in the Action or to whether those claims are susceptible to class-based treatment.

14.     The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Certified Class Members, and retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

15.     In accordance with the Settlement, the Court adopts the following dates for performance of specified activities leading to the Final Approval Hearing:

| | |
|---|---|
| 15 days after Preliminary Approval Date | Deadline for the Parties to confer to formulate a final list of potential Certified Class Members who may have participated in a Qualified Call. |
| 15 days after the Parties have formulated the final list of potential Certified Class Members | Deadline for Class Counsel to provide Omni the final list of potential Certified Class Members with their most recent available address information. |
| 30 days after Omni's receipt of final list of potential Certified Class Members | Deadline for Omni to mail (via first class mail, postage prepaid) the Notice of Class Action Settlement and Claim Form to the names and addresses on the final list of potential Certified Class Members. (This is the "Notice Date.") |

| | |
|---|---|
| 60 days after Notice Date | Claim/Exclusion/Objection Deadline; Last day for potential Certified Class Members to submit a Claim Form, a request for exclusion, or to file and serve any written objection to the Settlement. |
| 5 days after Claim Deadline | Deadline for Class Counsel to provide copies of the returned Claim Forms to Omni. |
| February 13, 2017, 10:00 a.m. | Final Approval Hearing |

16. The parties are ordered to carry out the terms of the Settlement.

IT IS SO ORDERED.

DATED: August 3, 2016

*Christina A. Snyder*

Christina A. Snyder
United States District Judge

766301.1